By the Court.—Freedman, J.
The question presented by the demurrer is whether the assignment and transfer of the invention and patent by the defendant to the Carvalho Steam Superheating Company, and the issue to him by said company of its stock, as set forth *288 in the answer, amounts to a sale or disposition, within the meaning of either of said terms as used in the agreement existing between the parties, of the whole of defendant’s one-half interest, which he had reserved to himself. If it dues, the answer admits all that it would be necessary for the plaintiff to prove upon the trial. In such case the event has occurred upon the occurrence of which the defendant undertook to pay the twelve hundred dollars, or any balance thereof remaining unpaid. After a critical examination of the law and the facts, as admitted by the answer, I entertain no doubt that the answer, as a pleading, contains a sufficient admission of a disposition by defendant of his reserved one-half interest, within the meaning of that word, as understood by the parties at the time of the execution of the contract between them. By his own showing, the defendant has parted voluntarily and for a valuable consideration with the whole of his interest, and in a manner by which he became divested of the title and lost the power of disposition over it. He has disposed of it so effectually that, in law, he can never sell or dispose of it again, and as he has no equities against the plaintiff, except such as he stipulated for, the plaintiff is not to be affected by the manner of such disposition, nor by the kind of consideration received by the defendant therefor. Consequently the claim, so ingeniously advanced and urgently pressed, that the defendant, by the acceptance of stock, retained an interest, and for that reason did not part with his entire interest in the invention and patent, cannot be upheld. Although the character of the company does not distinctly appear by the pleadings, yet it sufficiently appears that the company was organized upon a stock plan, that it was to consist of stockholders, and that its capital should consist of a certain number of shares. The certificates of stock accepted by the defendant represent, therefore, only an *289 interest pro tanto in the capital of the company, no matter how invested, and are evidences, in addition thereto, of a right to dividends and to a pro rata distribution of the proceeds of the whole property of the company upon its dissolution; but they cannot, in the absence of other and further averments than are contained in the answer, be deemed to represent, as against plaintiff’s claim, a disposable interest in the invention or patent conveyed, or in one-half of it.
The order appealed from should be affirmed, wiih costs.